## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**ELLEN MACK,**

**Plaintiff,**

**vs.**

**NO PARKING TODAY, INC., and
CLAYTON C. THOMAS, individually,**

**Defendants.**

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff ELLEN MACK ("Plaintiff' or "Mack"), on behalf of herself and all others similarly situated, by and through her attorneys, Jaffe Glenn Law Group, P.A., upon personal knowledge as to herself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants, NO PARKING TODAY, INC. ("No Parking Today"), and CLAYTON C. THOMAS, individually ("Thomas"), (collectively "Defendants"), and alleges as follows:

### INTRODUCTION

1.    Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et. seq.* ("FLSA"), on behalf of herself and all other persons similarly situated who suffered damages as a result of Defendants' violations of the FLSA and the New York Labor Law, Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

2.    As more fully described below, during the relevant time periods, Defendants willfully violated the FLSA and the applicable state laws of the State of New York by failing to pay Plaintiff and all other similarly situated employees for their overtime hours worked based upon

1

their unlawful policies and practices. Defendants failed to pay Plaintiff and others similarly situated for their hours worked in excess of forty (40) hours per work week at the correct rate of pay in direct violation of the FLSA and applicable state laws of the State of New York.

3.   Plaintiff has retained the law offices of Jaffe Glenn Law Group, P.A., to represent her in this matter.

4.   Plaintiff worked for Defendants as non-exempt laborer performing traffic flagging duties throughout Bronx County and Westchester County, New York.

5.   Plaintiff worked for Defendants from in or about October, 2015, through in or about June 14, 2016.

6.   Defendant, No Parking Today, is a corporation organized under the laws of the State of New York, with offices throughout New York County, Bronx County, and Westchester County, New York.

7.   Upon information and belief, at all times relevant to this Complaint, Defendant, No Parking Today, was in the business of providing parking coordination, traffic control, private transportation and security, traffic cone rental and transport vehicle rental to third party contractors, including but not limited to Con Edison, National Grid, MECC Contracting, NY, Nickelodeon, Paramount, MTV, American Red Cross, Fox, CBS, and others.

8.   Upon information and belief, at all times relevant to this Complaint, No Parking Today, employs over three hundred (300)  individuals to perform labor, including, but not limited to, providing parking coordination, traffic control, and private transportation and security, in furtherance of its business.

## JURISDICTION AND VENUE

9.   This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and under 29 U.S.C. § 201, *et. seq.*

10. This Court has supplemental jurisdiction over Plaintiff's NYLL claims because those claims derive from a common nucleus of operative facts. 28 U.S.C. § 1367.

11. Venue is proper in the district of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendants are thus subject to personal jurisdiction in this district. At all times material hereto, Plaintiff performed non-exempt labor duties in furtherance of Defendants' traffic control business for the Defendants based out of Bronx, Bronx County, New York, and Westchester County, within the jurisdiction and venue of this Court.

12. Upon information and belief, at all times relevant to this Complaint, No Parking Today was and is an "enterprise engaged in commerce" or in the production of interstate goods for commerce as defined under the Fair Labor Standards Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, at all times pertinent to this Complaint, Defendant No Parking Today, was and remains  an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  Defendants' operation of its traffic control business includes operations in other states as well as purchase of goods and materials interstate, amongst other out of state transactions, making it an enterprise engaged in interstate commerce. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendants' consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

13.  Upon information and belief, at all times relevant to this Complaint, No Parking Today's annual gross volume of sales made or business done was not less than approximately $500,000.00.

14.  Upon information and belief, Defendant Thomas is within the personal jurisdiction and venue of this Court. Defendant Thomas directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees, at all material times, including without limitation, directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

15.  Throughout the relevant period, Defendant Thomas employed Plaintiff and similarly situated employees within the meaning of the FLSA and the NYLL. At all relevant times, Defendant Thomas had or continues to have substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

16.  Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

## **FLSA COLLECTIVE ACTION FACTS**

17.  Plaintiff bring this Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly situated – non-exempt traffic control laborers – who worked and/or continue to work in furtherance of Defendants' establishment, on or after July 18, 2011 (three years before the filing of the Complaint in this case) ("FLSA Collective Plaintiffs").

18.  All of the work that Plaintiff and the FLSA Collective Plaintiffs have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Plaintiffs have performed.

4

19.  As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern practice, and/or policy of violating the FLSA with respect to Plaintiff and FLSA Collective Plaintiffs. This policy and pattern or practice includes, but is not limited to willfully failing to Plaintiff and FLSA Collective Plaintiffs' overtime wages at the correct overtime rate for all of the hours that they worked in excess of forty (40) hours per workweek.

20.  Defendants are aware of  or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs an overtime premium at one and one half time their regular rate of pay for all hours worked in excess of forty (40) per workweek.

21.  Plaintiff and FLSA Collective Plaintiffs all perform or performed similar duties, all worked more than forty (40) hours per workweek and were all compensated at a slightly higher rate than their for each hour worked in excess of forty (40) hours each and every work week; however, neither Plaintiff or FLSA Collective Plaintiffs were paid at one and one half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

22.  Defendants' unlawful conduct has been widespread, repeated, and consistent.

## **FACTS**

23.  Plaintiff Mack worked for Defendants from in or about mid October 2015, through in or about mid-June 2016.

24.  Plaintiff's duties were to perform flagging and other traffic control labor  in furtherance of Defendants' traffic control business.

25.  Plaintiff worked in excess of scheduled to work in excess of forty (40) hours per workweek for each and every week they were employed by Defendants.

26.  Plaintiff routinely worked seven (7) days per workweek.

27.  Plaintiff routinely worked approximately twelve (12) to fourteen (14) hours per day on behalf of Defendants, but was not compensated at the statutory rate of pay of one and one half times her regular rate of pay for hours worked in excess of forty (40) hours per workweek.

28.  During the employment of Plaintiff by Defendants, other laborers employed by Defendants were paid in a similar manner as Plaintiff, and their working schedules were also similar.

29.  Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

30.  At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

31.  At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff and FLSA Collective Plaintiffs, performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

32.  Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and has incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE FLSA

33.  Plaintiff re-alleges and incorporates here by reference all allegations contained in the paragraphs above.

34.  Defendants have engaged in a widespread pattern and practice of violating the FLSA,

as described in this Collective Action Complaint.

35. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

36. The overtime wage provisions set forth in §§ 201 *et. seq.* of the FLSA apply to Defendants.

37. Defendants are each employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

38. At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

39. Defendants have failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

40. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

41. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

42. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et. seq*.

43. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated

current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE NYLL**

44.  Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

45.  Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Collective Action Complaint.

46.  At all relevant times, Plaintiff, and others similarly situated to Plaintiff, were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

47.  Plaintiff and those similarly situated employees are covered by the NYLL.

48.  Defendants failed to pay Plaintiff and employees similarly situated all of the overtime wages to which they are entitled under the NYLL, Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142.

49.  Defendants have failed to pay Plaintiff and those similarly situated employees all of their overtime compensation at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

50.  Defendants' violations of the NYLL, as described in this Collective Action Complaint, have been willful and intentional.

51. Due to Defendants' violations of the NYLL, Plaintiff and similarly situated

8

employees are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6, § 198, and pre-judgment and post-judgment interest.

**COUNT III**
**RECOVERY FOR RECORD KEEPING VIOLATIONS**
**PURSUANT TO THE NYLL**

52. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

53. Defendants have willfully failed to supply Plaintiff and those similarly situated employees, notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiff or similarly situated employees, as their primary language, containing Plaintiff or employees similarly situated, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Art. 6 § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

54. Defendants have willfully failed to supply Plaintiff and those employees similarly situated, with an accurate statement of wages as required by NYLL Art. 6 § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and

overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

55.  Due to Defendants' violations of the NYLL, Plaintiff and similarly situated employees, are entitled to recover from Defendants one hundred dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars each, as provided for by NYLL Article 6, § 198(1)-d, reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of themselves, individually and on behalf of all other similarly situated persons, seeks the following relief:

   i.   An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

  ii.   An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

 iii.   An award of liquidated damages, penalties, and pre-judgment and post-judgment interest as permitted by the NYLL;

 iv.   One hundred dollars for each work week that the violations of NYLL Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-d;

  v.   Attorneys' fees and costs of the actions; and

 vi.   Such other and further relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.


Dated: July 18, 2016                                   Respectfully submitted,

                                                       /s/ Jodi J. Jaffe
                                                       Jodi J. Jaffe, Esquire
                                                       E-mail: jjaffe@JaffeGlenn.com
                                                       New York Bar No.: JJ8034
                                                       JAFFE GLENN LAW GROUP, P.A.
                                                       301 North Harrison Street
                                                       Suit 9F, #306
                                                       Princeton, NJ 08540
                                                       Telephone: (201) 687-9977
                                                       Facsimile: (201) 595-0308
                                                       *Attorneys for Plaintiff*