UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELLEN MACK,

        Plaintiff,

        - against -

NO PARKING TODAY, INC., *et al.*,

        Defendants
------------------------------------------------------------X

**ORDER**
16 CV 3986 (ARR)

**POLLAK,** United States Magistrate Judge:

On July 18, 2016, plaintiff Ellen Mack ("Mack") brought this collective action Complaint against Defendants, No Parking Today, Inc. ("No Parking Today"), and Clayton C. Thomas, individually ("Thomas"), (collectively, "defendants") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), on behalf of herself and all other persons similarly situated. On October 6, 2016, plaintiff Graham Ross ("Ross") opted into the Action.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 6, 2016, after defendants failed to appear or otherwise respond to the Complaint, plaintiffs requested a certificate of default. The Clerk of Court granted the certificate of default on March 3, 2017. On May 29, 2017, plaintiffs filed a motion for default judgment ("1st Mot.").[1]

On December 19, 2017, the Court issued an Order to Show Cause to address concerns over venue and jurisdiction that arose in plaintiffs' first motion for default judgment. On December 27, 2017, plaintiffs responded in writing to the Order to Show Cause. Thereafter, the

---
[1] Citations to "1st Mot." refer to the Motion for Default Judgment, filed by plaintiffs on May 29, 2017.

1

Court scheduled an Inquest Hearing, and Ordered plaintiffs to serve the Scheduling Order on defendants.

On February 28, 2018, the Court held the Inquest Hearing. Defendants failed to appear. Plaintiffs Mack and Ross both appeared in person. However, inconsistencies in plaintiffs' testimony during the Hearing, as to their hours worked, prompted the Court to Order supplemental affidavits with corrected calculations and to deny the plaintiffs' first motion for default judgment.[2]

On March 13, 2018, plaintiffs' counsel filed the requested affidavits along with a second motion for default judgment ("2d Mot.").[3] Although the two affidavits were differently labeled on the docket with the names of plaintiffs Mack and Ross, their contents were identical: the information pertained only to plaintiff Ross, and was simply copied and pasted into the Mack affidavit. The Court notified plaintiffs' counsel of the duplicate filing and lack of an affidavit for Mack. On June 11, 2018, plaintiffs' counsel submitted another supplemental affidavit for Mack in response to the Court's request. (See Mack Aff., Ross Aff.[4])

This Order follows.

## DISCUSSION

Several issues prevent the Court from recommending that the district court grant plaintiffs' motion for default judgment, and from recommending a damages amount at this time.

---

[2] The Court rescheduled the Inquest Hearing twice to accommodate Plaintiffs' Counsel. See ECF Nos. 18, 21, 22, 23.
[3] Citations to "2d Mot." refer to the Motion for Default Judgment, filed by plaintiffs on March 13, 2018.
[4] Citations to "Mack Aff." refer to the Affidavit of Ellen Mack, filed on June 11, 2018; citations to "Ross Aff." refer to the Affidavit of Graham Ross, dated March 3, 2018.

All concerns raised are based on contradictory or missing information presented in documents filed with the Court.

I. <u>Underpayment Calculation</u>

The first issue concerns basic details of the damage calculations submitted in the revised affidavits. Both plaintiffs calculated damages by multiplying the amount by which they were underpaid each week times the number of weeks worked. (<u>See</u> Mack Aff. ¶¶ 5, 6, 7; Ross Aff. ¶¶ 6, 7, 8). However, even though the two plaintiffs started working for defendants on different dates and terminated their employment on the same day, June 20, 2016, each plaintiff claims to have worked the same number of weeks as the other. (<u>See</u> Mack Aff. ¶ 7 (calculating underpayment for "48 weeks"; Ross Aff. ¶ 8 (same)).

Furthermore, neither plaintiff could have possibly worked 48 weeks, as claimed, because there are not 48 weeks in the period alleged. Thus, Ms. Mack could only have worked 36 weeks between her stated start date, October 11, 2015, and the shared end date of June 20, 2016. Similarly, the most Mr. Ross could have worked was 42 weeks since that is the number of weeks between his stated start date, September 2, 2015, and the shared end date of June 20, 2016.

This issue affects multiple aspects of the damages calculation. As both the amount owed in the underpayment of wages and the corresponding amount owed in liquidated damages were calculated using the number of weeks worked as a factor, the calculations for both amounts must be adjusted for both plaintiffs to reflect the actual number of weeks worked. Reducing the number of weeks worked by Ms. Mack from 48 to 36, her underpaid wage amount decreases

3

from $3,355.20 to $2,516.40. Upon adjusting the number of weeks worked by Mr. Ross from 48 to 42, his underpaid wages also decrease from $1,915.20 to $1,675.80.[5]

Furthermore, since liquidated damages for both plaintiffs are calculated as 100% of underpaid wages, see 29 U.S.C. § 216(b), the liquidated damages must be adjusted in equal measure to reflect the change in the plaintiffs' underpaid wages (from $3,355.20 to $2,516.40 for Mack and from $1,915.20 to $1,675.80 for Ross). Mack's total damages would then be $5,032.80, a difference of $1,677.60 from plaintiffs' most recent submission.[6] Similarly, Ross's total damages would be $3,351.60, a difference of $478.80 from plaintiffs' most recent submission.[7]

II. Prejudgment Interest

The second issue concerns plaintiffs' calculation of prejudgment interest. Plaintiffs Mack and Ross each state in their affidavits that they are "entitled to prejudgment interest on my underpayment at 9% per annum from February 11, 2016, to date, and continuing." (Mack Aff. ¶ 11, Ross Aff. ¶ 12). However, calculating interest at 9% per annum does not appear to produce either of the figures that plaintiffs cite ($603.00 for Mack and $344.74 for Ross) when inputting the damages each plaintiff claims and accounting for the dates that the revised affidavits were filed.[8] Furthermore, although in earlier affidavits plaintiffs had used two different midpoint

---

[5] The Court performed the following calculation (amounts in dollars): For Mack, underpayment per week (69.9) x number of weeks (36) = 2,516.40. For Ross, underpayment per week (39.9) x number of weeks (42) = 1,675.80.
[6] The Court performed the following calculation (amounts in dollars): original value of 3,355.20 x 2 = 6,710.40, and revised value of 2,516.40 x 2 = 5,032.80. 6,710.40 - 2,516.40 = 1,677.60.
[7] The Court performed the following calculation (amounts in dollars): original value of 1,915.20 x 2 = 3,830.40, and revised value of 1,675.80 x 2 = 3,351.60. 3,830.40 - 3,351.60 = 478.80.
[8] As noted supra, Ross's revised affidavit was submitted on March 3, 2018; Mack's revised affidavit was submitted on June 11, 2018. The original affidavit on behalf of Ross, affixed to plaintiffs' original motion for default judgment, is dated May 27, 2017. The original affidavit on behalf of Mack, affixed to the same motion, is dated May 28, 2017. However, the Court notes that using these dates of May 27, 2017 and May 28, 2017 still does not produce an amount of $603.00 for Mack or $344.74 for Ross. Similarly, using the date of February 28, 2018, the date of the Inquest Hearing, does not produce either amount.

dates that reflected the difference in the two plaintiffs' start dates, in the revised affidavits the plaintiffs, without explanation, chose to use the same date of February 11, 2016 as the midpoint for calculating prejudgment interest.[9]

The Court is unable to make a recommendation as to damages until plaintiffs submit new affidavits with revised calculations of total damages. The Court directs the plaintiffs to include detailed explanations of their revised prejudgment interest calculations.

### III. Unsigned Affidavit

The remaining issue concerns the revised affidavit submitted for Ms. Mack on June 11, 2018. The document was not signed by Ms. Mack nor was it notarized. The Court is unable to consider this document to assess Mack's damages calculations without her signature and notarization. A **signed, notarized affidavit**, including **all of the revisions outlined above,** must be filed for Mack by **July 10, 2018.**[10] The Court notes that a revised affidavit, with all of the changes outlined above, **must be submitted for Ross as well.**

### CONCLUSION

In light of the inconsistencies with calculations, and continuous procedural issues discussed above, both Mack and Ross are Ordered to submit revised affidavits reflecting consideration of the issues raised in this Order by **July 10, 2018. If plaintiffs fail to explain or**

---

[9] The Court notes that, in addition to this unexplained discrepancy, neither date of February 2, 2016 for Ross or February 11, 2016 for Mack is the true midpoint between each plaintiff's start and end dates. Using the previously cited start dates of September 2, 2015 for Ross and October 10, 2015 for Mack, and using the shared end date of June 20, 2016, yields midpoints of January 26, 2016 for Ross and February 15, 2016 for Mack.

[10] The Court notes that this will be the **third affidavit** filed for Mack following the Inquest Hearing on February 28, 2018.

**correct the problems identified in this Order, the Court will make a recommendation as to damages, or lack thereof, based on the information before the Court at that time.**

Plaintiffs are directed to serve a copy of this Order promptly by certified mail, return receipt requested, on defendants and to provide the Court with copies of the return receipts.

The Clerk of Court is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
July 2, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
