UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ellen Mack, *et al.*, | 1:16-CV-3986 (ARR) (CLP) |
| *Plaintiffs*, | |
| – against – | **Not for Publication** |
| No Parking Today, Inc., *et al.*, | |
| *Defendants*. | **Opinion and Order** |

ROSS, United States District Judge:

The court has received the Report and Recommendation on the instant case dated January 9, 2019, from the Honorable Cheryl L. Pollak, United States Magistrate Judge. The deadline for filing objections has passed, and no objections have been filed.[1] Accordingly, the court has reviewed the Report and Recommendation for clear error on the face of the record. *See* Fed. R. Civ. P. 72 advisory committee's note to subdivision (b); *Gusler v. City of Long Beach*, 823 F. Supp. 2d 98, 109 (E.D.N.Y. 2011), *appeal dismissed*, 700 F.3d 646 (2d Cir. 2012). Having reviewed the record, I hereby adopt the Report and Recommendation, with the exception of a single aspect of the damages calculation under New York Labor Law section 198(1-d).

## BACKGROUND

The plaintiffs in this action allege that the defendants, their employers, failed to pay them sufficient overtime compensation, in violation of the Fair Labor Standards Act and the New York Labor Law, and failed to provide them with proper wage statements, also in violation of the Labor

---

[1] Although copies of the Report and Recommendation sent to one of the defendants' addresses were returned as undeliverable (*see* Mail, ECF Nos. 35–36), copies sent to another address of the defendants have not come back, and thus "there is no evidence that [the defendants] did not receive the Report and Recommendation" (*Innovative Sports Mktg., Inc. v. Aquarius Fuente de Soda, Inc.*, No. 07-CV-2561 (ENV)(CLP), 2009 WL 3173968, at *1 n.1 (E.D.N.Y. Sept. 30, 2009)).

1

Law. *See* Compl. ¶¶ 33–55, ECF No. 1. In addition to attorney's fees and costs, the complaint, which was filed on July 18, 2016, seeks "award[s] of unpaid overtime compensation due," "liquidated damages, penalties, and pre-judgment and post-judgment interest," and "[o]ne hundred dollars for each work week that violations of NYLL Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-d." *Id.* at 10.[2]

The defendants failed to appear, and on March 3, 2017, the Clerk of Court entered a default. On May 29, 2017, the plaintiffs moved for a default judgment, requesting an award of unpaid overtime compensation, liquidated damages, and prejudgment interest, as well as attorney's fees and costs. *See* First Proposed J., ECF No. 15-4; First Mack Aff. ¶¶ 6–7, 9, ECF No. 15-1; First Ross Aff. ¶¶ 6–7, 9, ECF No. 15-2. After Judge Pollak recommended that that motion be denied without prejudice (*see* First R. & R., ECF No. 27),[3] the plaintiffs moved for a default judgment again, on March 13, 2018 (*see* Renewed Mot., ECF No. 28). The plaintiffs modified their request for damages in the second motion, decreasing the requested overtime compensation but adding a requested award of $5000 per plaintiff for the defendants' failure to provide proper wage statements.[4] *See* Second Proposed J., ECF No. 28-5; Second Ross Aff. ¶ 10, ECF No. 28-3; *see also* Final Mack Aff. ¶ 10, ECF No. 32-1; Final Ross Aff. ¶ 10, ECF No. 32-2. In the Report and Recommendation now at issue, Judge Pollak recommends that I grant the instant motion and

---

[2] Before February 27, 2015, section 198(1-d) of the Labor Law provided that an employee who is not given a proper wage statement may recover "one hundred dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars." *See infra* note 4.

[3] Judge Pollak recommended denial of the motion because the plaintiffs' motion papers were inconsistent with the plaintiffs' testimony at an inquest hearing. *See* First R. & R. 1.

[4] Since February 27, 2015, section 198(1-d) of the Labor Law has provided that an employee who is not given a proper wage statement may recover "two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars." This change in law took effect more than sixteen months before the complaint in this case was filed. *See* Act of Dec. 29, 2014, ch. 537, §§ 2, 13, 2014 N.Y. Sess. Laws (McKinney).

award the plaintiffs unpaid overtime compensation, liquidated damages, prejudgment interest, and $5000 per plaintiff for the alleged wage-statement violations, as well as attorney's fees and costs. *See* Second R. & R. 32–33, ECF No. 34.

**DISCUSSION**

Rule 54(c) of the Federal Rules of Civil Procedure states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." As the Second Circuit has explained, this rule is "sensible" because, "[b]y limiting damages to what is specified in the 'demand for judgment,' [it] ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and then default without the need to hire a lawyer." *Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007). And the court has stated that "[w]hile notice is one of the policy objectives underlying Rule 54(c), . . . [t]he timing and method of such notice (*i.e.*, that it come *before* the decision to default and be evident from the face of the complaint) are both critical to the analysis." *Id.* at 161. Accordingly, particularly where a defendant has never appeared in a case, any default judgment must be limited to the relief that was demanded in the pleadings at the time the default was entered; a plaintiff may not increase the relief demanded after the defendant defaults without amending the complaint and giving the defendant another chance to appear. *See id.* at 161–62.

In this case, the complaint's prayer for relief explicitly limits the requested damages for the wage-statement violations to $2500 per plaintiff. *See* Compl. at 10. The plaintiffs did not demand $5000 each on this claim until after the defendants had already defaulted, and the plaintiffs did so only in their *second* motion for a default judgment, and never amended the complaint. Under these circumstances, Rule 54(c) operates to limit the damages awarded on the wage-statement claim to the $2500 per plaintiff demanded in the complaint. *See, e.g.*, *Gesualdi v. Innovative Disposal Sols., LLC*, No. 09-cv-820(ADS)(ARL), 2013 WL 603566, at *2 (E.D.N.Y. Feb. 13, 2013) (capping default-

judgment damages for particular claim at amount sought under that claim in complaint); *cf. Khurana v. JMP USA, Inc.*, No. 14-CV-4448 (SIL), 2017 WL 1251102, at *6 (E.D.N.Y. Apr. 5, 2017) ("[T]he Court denies Plaintiff's demands for NYLL section 195(1) and 195(3) Wage Statement Statutory Penalties as they were not included in the Complaint and instead both raised for the first time in the present motion."); *Spain v. Kinder Stuff 2010 LLC*, No. 14-CV-2058 (MKB)(MDG), 2015 WL 5772190, at *6 (E.D.N.Y. Sept. 29, 2015) ("Plaintiffs cannot collect for violation of [section 198(1-d) of the Labor Law] because they failed to assert in the complaint a claim for such relief.").

With respect to every other aspect of the award, I concur with and adopt Judge Pollak's Report and Recommendation in full (*see* Second R. & R. 32–33).

## CONCLUSION

The Clerk of Court is therefore directed to enter judgment for the plaintiffs awarding the following damages: (a) $2516.40 to plaintiff Ellen Mack in unpaid overtime compensation; (b) $1675.80 to plaintiff Graham Ross in unpaid overtime compensation; (c) $2500.00 to Mack for violations of section 195 of the Labor Law; (d) $2500.00 to Ross for violations of section 195 of the Labor Law; (e) $2516.40 to Mack in liquidated damages; (f) $1675.80 to Ross in liquidated damages; (g) $656.58 to Mack in prejudgment interest; (h) $442.39 to Ross in prejudgment interest; and (i) $7329.10 in attorney's fees and costs. The total award is thus $21,812.47, for which the defendants are jointly and severally liable.

So ordered.

 ____/s/_____
 Allyne R. Ross
 United States District Judge

Dated: January 28, 2019
 Brooklyn, New York